UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

CHERRIE PANSANO
AND GERALD PANSANO

VERSUS

PINNACLE ENTERTAINMENT, INC.
AND ABC INSURANCE COMPANY

CIVIL ACTION

NO. 17-365-JWD-EWD

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on July 16, 2018.

*Erin Wilder-Doomes*

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

CHERRIE PANSANO
AND GERALD PANSANO

CIVIL ACTION

VERSUS

NO. 17-365-JWD-EWD

PINNACLE ENTERTAINMENT, INC.
AND ABC INSURANCE COMPANY

**NOTICE AND ORDER**

Before the court is a Motion to Remand[1] filed by Plaintiffs, Cherrie Pansano and Gerald Pansano ("Plaintiffs"). Defendant, Pinnacle Entertainment, Inc. ("Defendant" or "Pinnacle") has filed an opposition.[2] For the reasons set forth herein, the undersigned RECOMMENDS[3] that the Motion to Remand be GRANTED and this matter be remanded to the 19th Judicial District Court, Parish of East Baton Rouge, State of Louisiana.

**I.  Background**

Plaintiffs filed a Petition for Damages (the "Petition") in state court for injuries allegedly sustained as a result of a slip and fall. Cherrie Pansano alleges that "[o]n or about April 30, 2016, [she] was dining at the Bon Temps buffet located in L'Auberge Casino in Baton Rouge, Louisiana, when she slipped on a food-type substance on the floor…."[4] Per the Petition, Ms. Pansano alleges that she suffered "[p]hysical injuries consisting of, but not limited to, her head, neck, back, shoulder and knees"[5] and seeks damages including: (1) past and future medical damages; (2) pain

---

[1] R. Doc. 13.

[2] R. Doc. 14.

[3] The Fifth Circuit has held that "a motion to remand is a dispositive matter on which a magistrate judge should enter a recommendation to the district court subject to de novo review." *Davidson v. Georgia-Pacific, LLC*, 819 F.3d 758, 765 (5th Cir. 2016).

[4] R. Doc. 1-2, ¶ 3.

[5] R. Doc. 1-2, ¶ 9.

2

and suffering; (3) loss of enjoyment of life; (4) "[a]nxiety due to concerns for her future health, well-being and ability to continue certain daily life activities;" and (5) loss of earning capacity.[6] Her husband, Gerald Pansano, asserts a claim for loss of consortium.[7]

On June 12, 2017, Defendant removed this suit pursuant to 28 U.S.C. §1332.[8] Although the parties appear to be completely diverse,[9] the undersigned previously found that it is not apparent from the face of Plaintiffs' Petition that the claims are likely to exceed $75,000.00.[10] Accordingly, on June 13, 2017, Pinnacle was ordered to file a memorandum and supporting evidence by June 23, 2017 concerning subject matter jurisdiction, specifically whether the amount in controversy requirement of 28 U.S.C. § 1332 was met.[11] Additionally, Plaintiff was ordered to file either: (1) a memorandum and supporting evidence concerning the court's subject matter jurisdiction, specifically, whether the amount in controversy requirement of 28 U.S.C. § 1332 was met; or (2) a Motion to Remand, within ten (10) days after the filing of Defendant's memorandum.[12] Pinnacle filed a Memorandum in Support that the Amount in Controversy Requirement is Met on June 23, 2017 (the "Memorandum in Support of Amount in Controversy").[13]

---

[6] R. Doc. 1-2, ¶ 9.

[7] R. Doc. 1-2, ¶ 13.

[8] R. Doc. 1.

[9] R. Doc. 1, ¶¶ 3 & 4. The Petition for Damages also names ABC Insurance Company as a defendant in its capacity as the liability insurer of Pinnacle. R. Doc. 1-2, ¶ 1. Pursuant to 28 U.S.C. § 1441(b)(1), "[i]n determining whether a civil action is removable on the basis of jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded."

[10] R. Doc. 3.

[11] R. Doc. 3.

[12] R. Doc. 3.

[13] R. Doc. 5.

3

Plaintiff did not file either a memorandum or a Motion to Remand by the July 3, 2017 deadline. Instead, on September 25, 2017, the parties jointly filed a Status Report wherein Plaintiffs asserted that their counsel "does not agree that the amount in controversy meets the requirements of the federal jurisdictional amount."[14] In that Status Report, Plaintiffs calculated damages as follows:

> EBR Emergency Medical Service: $773.00
> Ochsner Hospital: $19,195.46
> Loss of income: $8,000.00
> General Damages: $35,000.00
>
> Total: $62,968.46[15]

In light of Plaintiffs' representations in the Status Report, the undersigned ordered Plaintiffs to file a Motion to Remand specifically addressing Plaintiffs' contention that the amount in controversy requirement of 28 U.S.C. § 1332 was not met.[16] Thereafter, Plaintiffs filed the instant Motion to Remand.[17]

## II. Law and Analysis

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction."[18] When original jurisdiction is based on diversity of citizenship, the cause of action must be between "citizens of different States" and the amount in controversy must exceed the "sum or value of $75,000, exclusive of interest and costs."[19] Subject matter jurisdiction must exist at the time of removal to federal court, based on

---

[14] R. Doc. 11, p. 1.

[15] R. Doc. 11, p. 2.

[16] R. Doc. 12.

[17] R. Doc. 13.

[18] 28 U.S.C. § 1441(a).

[19] 28 U.S.C. § 1332(a)-(a)(1).

4

the facts and allegations contained in the complaint.[20]  In removed actions, diversity of citizenship must exist both at the time of filing in state court and at the time of removal to federal court.[21]  The removal statute, 28 U.S.C. § 1441, is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand.[22]  The removing party has the burden of proving federal diversity jurisdiction.[23]  Remand is proper if at any time the court lacks subject matter jurisdiction.[24]

Louisiana law prohibits plaintiffs from specifying a monetary amount of damages in their state court petitions.[25]  When a plaintiff has not alleged a specific amount of damages, a removing defendant bears the burden of proving by a preponderance of the evidence that the amount in controversy exceeds $75,000.[26]  The removing party may make this showing either: "(1) by demonstrating that it is 'facially apparent' that the claims are likely above $75,000, or (2) 'by setting forth the facts in controversy—preferably in the removal petition, but sometimes by affidavit—that support a finding of the requisite amount.'"[27]

It is not facially apparent from the Petition that the Plaintiffs' claims will exceed the jurisdictional amount of $75,000, exclusive of interest and costs.  While there is a vague allegation that Ms. Pansano suffered physical injuries to her head, neck, back, shoulder and knees,[28] there is

---

[20] *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) ("jurisdictional facts must be judged as of the time the complaint is filed").

[21] *Coury v. Prot*, 85 F.3d 244, 248-289 (5th Cir. 1996) (citation omitted).  No party is arguing that there was any change in jurisdictional facts between the filing of the suit in state court and the removal of the case to this court.

[22] *Gasch v. Hartford Acc. & Indem. Co*., 491 F.3d 278, 281-82 (5th Cir. 2007).

[23] *Garcia v. Koch Oil Co. of Tex. Inc*., 351 F.3d 636, 638 (5th Cir. 2003).

[24] *See*, 28 U.S.C. § 1447(c).

[25] La. C.C.P. art. 893(A)(1); *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999).

[26] *Luckett*, 171 F.3d at 298 (citing *De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993)).

[27] *Luckett*, 171 F.3d at 298 (quoting *Allen v. R&H Oil & Gas Co.*, 73 F.3d 1326, 1335 (5th Cir. 1995)).

[28] R. Doc. 1-2, ¶ 9(a).

5

no specific information in the Petition regarding these injuries.  Nor is there an allegation in the Petition regarding Ms. Pansano's medical expenses or her lost earning capacity.  "If the complaint is vague with regard to the types of injuries, medical expenses incurred, and future medical problems resulting from the incident, the court must conclude that it was not 'facially apparent' that the amount of damages would exceed $75,000."[29]  Based on the foregoing, the amount in controversy is not facially apparent from the Petition.

Since it is not facially apparent from the Petition that Plaintiffs' damages will exceed the federal jurisdictional amount, the court must next consider whether Pinnacle has met its burden of proving, through summary judgment type evidence, that the amount in controversy in this case is likely to exceed $75,000.

Ms. Pansano alleges that she fell at Defendant's premises on April 30, 2016.[30]  Medical records attached to Defendant's Memorandum in Support of Amount in Controversy indicate that Ms. Pansano complained of pain to her left arm, side, leg and back and was diagnosed with a contusion of her left knee and back strain that same day.[31]  On May 6, 2016, a progress note indicates that Ms. Pansano was diagnosed with "knee pain, left;" "H/O total knee replacement, bilateral;"[32] and "Bilateral knee pain."[33]  On May 10, 2016, an encounter note indicates Ms.

---

[29] *Broadway v. Wal-Mart Stores, Inc.*, Civ.A 00-1893, 2000 WL 1560167, at *2 (E.D. La. Oct. 18, 2000) (citing *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 851 (5th Cir. 1999)).  *See also*, *Torres v. Mall of Louisiana, LLC*, Civil Action No. 17-466, 2017 WL 6884347, at * 3 (M.D. La. Dec. 5, 2017) ("While Plaintiff seeks several items of damages, there is no indication of the amount in controversy related to her alleged damages.  Thus, it is not facially apparent from the Petition that the amount in controversy is likely to exceed $75,000."); *Tucker v. Cincinnati Ins. Co.*, Civil Action 17-414, 2017 WL5762436, at * 3 (M.D. La. Aug. 24, 2017) ("'Courts have routinely held that pleading general categories of damages, such as 'pain and suffering, disability, lost wages, loss of earning capacity, medical expenses, etc.,' without any indication of the amount of damages sought, does not provide sufficient information for the removing defendant to meet his burden of proving that the amount in controversy is satisfied under the 'facially apparent' test.'") (quoting *Davis v. JK & T Wings, Inc.*, No. 11-501, 2012 WL 278728, at * 3 (M.D. La. Jan. 6, 2012) (collecting cases)).

[30] R. Doc. 1-2, ¶ 3.

[31] R. Doc. 5-2, p. 2.

[32] The undersigned assumes this stands for "history of" a total knee replacement.

[33] R. Doc. 5-2, p. 5.

6

Pansano was diagnosed with left shoulder and elbow pain, left rotator cuff arthropathy, and "ulnar neuropathy of left upper extremity."[34] Based on the medical records, it appears that Ms. Pansano underwent physical therapy, and more aggressive treatment was never recommended. In the Motion to Remand, Ms. Pansano explains that following the accident, she was transported by emergency medical services to Ochsner Hospital, where she received x-rays on her knee, back, and chest.[35] She explains that she followed up at Ochsner Main Campus Jefferson for a three month period before being released, and that her charges for treatment at both Ochsner locations totaled $19,195.46. In addition to those charges, she reiterates that she incurred a charge of $773.00 for ambulance service and that she seeks $8,000.00 in lost wages.[36] Significantly, she contends that she "was released from treatment on August 1, 2016" and indicates that at that point in time, she was done with treatment.[37]

A review of Louisiana jurisprudence demonstrates that general damage awards for injuries similar to those apparently suffered by Ms. Pansano usually do not exceed $22,500, even where the plaintiff is treated for a longer period of time than Plaintiff here.[38] In light of these cases, the

---

[34] R. Doc. 5-2, p. 10.

[35] R. Doc. 13-1, p. 1.

[36] R. Doc. 13-1, pp. 1-2. Ms. Pansano does not state how she was employed prior to the accident, nor does she outline the basis for her $8,000 lost wages claim.

[37] R. Doc. 13-1, p. 3 ("Here, all medical records and expenses had been supplied to the defendants insured near the end of 2016. It was well established the medical expenses associated with the claim were below $20,000 prior to any removal to federal court. Additionally, Cherrie Pansano was released from treatment on August 1, 2016, further establishing treatment and incurred expenses would no longer add to the amount well before removal…."). Pinnacle does not address this contention, asserting only that "plaintiff claims that a fall occurred on April 30, 2016, and she treated through August 1, 2016…." R. Doc. 14, p. 1.

[38] *See*, *Woods v. Hall*, 194 So.3d 689 (La. App. 1 Cir. 2016) (reducing general damage award of $32,000 to $22,500 as the highest amount the trial court could have reasonably awarded for soft tissue injuries to plaintiff's neck and/or back which resolved following three and a half months of general chiropractic physical therapy yielding medical expenses of $6,295.44 based on a review of comparable jurisprudence); *Harbin v. Ward*, 147 So.3d 213 (La. App. 1 Cir. 2014) (reducing $13,000 general damage award to $9,750 based on plaintiff's comparative fault where plaintiff suffered soft tissue injuries to her left shoulder, back, and neck, and incurred $3,945.00 in medical expenses); *Johnson v. Thomas*, 137 So.3d 632 (La. App. 1. Cir. 2013) (noting trial court award of $5,050.40 in medical specials and $8,000 in general damages to minor who suffered multiple soft tissue contusions, neck strain, and exacerbation of asthma when garage door fell on her and thereafter she received physical therapy for a little over three months); *Caldwell v.*

7

undersigned finds Plaintiffs' $35,000 estimate of general damages to exceed even the high end of awards for cases like this.

While Pinnacle acknowledges that "each case is different and damages are awarded to each plaintiff based on how the injuries affect the individual plaintiff,"[39] Pinnacle specifically directs the court *Rayburn v. Ponthieux*, 902 So.2d 1136 (La. App. 3 Cir. 2005) wherein the appellate court affirmed an award of $85,000 in general damages and $3,450.15 in medical expenses to a plaintiff who, after being rear-ended by a school bus, sustained injuries to his right shoulder, neck, and lower back. Despite finding the general damage award "significant," the court affirmed the award, based on the "particular injuries suffered by [plaintiff] and the effect those injuries had on him."[40] Specifically, the court noted that although plaintiff's neck and back injury resolved prior to trial, the accident also "caused a preexisting partial rotator cuff tear of the right shoulder to completely tear" – a condition which the court noted could not be corrected by surgery, was permanent, and would cause plaintiff immediate pain even when "retriev[ing] a carton of milk from the

---

*ANPAC Ins. Co.*, 185 So.3d 846 (La. App. 2 Cir. 2016) (increasing general damage award from $4,000 to $15,000 where plaintiff incurred special damages of $8,186 and suffered back strain/sprain, neuralgia, neuritis, radiculitis-lumbar, stiffness, restricted range of movement, headaches, and deep spasms and was treated by a chiropractor for approximately four months); *Smith v. Safeway Ins. Co. of Louisiana*, 146 So.3d 944 (La. App. 2 Cir. 2014) (awarding $3,423.52 in medical expenses and $3,000 in general damages to plaintiff who suffered soft tissue injuries to neck, back, and knees which had substantially resolved within four months); *Bennett v. Louisiana Farm Bureau Casualty Ins. Co.*, 983 So.2d 966 (La. App. 2 Cir. 2008) (reducing general damage award from $48,000 to $20,000 as the highest amount that could reasonably be awarded based on review of awards in similar cases where plaintiff suffered soft tissue injuries and incurred $13,804.84 in medical specials related to eight months of treatment); *Edwards v. GEICO Indemnity Co.*, 167 So.3d 957 (La. App. 3 Cir. 2015) (reducing general damage award of $30,000 to $22,500 for soft tissue injuries to back and knees which generally resolved after two months of treatment); *Ronsonette v. St. Bernard Parish Government*, 165 So.3d 209, 214 (La. App. 4 Cir. 2015) (awarding $16,567.53 in medical specials and $9,000 in general damages to plaintiff who was injured when the wheelchair he was riding in fell over while riding in a bus and plaintiff sustained "minor injuries" of cervical strain, thoracic strain, lumbar strain, chest contusions, and bilateral sacroiliitis); *Romano v. Jefferson Parish Sheriff's Office*, 138 So.3d 688 (La. App. 5 Cir. 2014) (affirming award of medical specials of $14,243.00 and general damages of $48,000, representing $2,000 for each month where plaintiff's doctor believed she had suffered from cervical and lumbar spinal strain/sprain, thoracic spinal myofascitis, and a right shoulder sprain and another doctor believed plaintiff's degenerative disc disease had become symptomatic).

[39] R. Doc. 14, p. 3.

[40] 902 So.2d at 1140.

refrigerator."[41] In contrast to *Rayburn*, there is no indication here that Ms. Pansano suffered such permanent injury.[42] Moreover, even if Ms. Pansano's injuries were shown to be similar to those at issue in *Rayburn*, Pinnacle's reliance on this single result does not carry its burden of establishing that the amount in controversy is met here.[43]

Significantly, it is Pinnacle's burden to "'prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.'"[44] As stated above, the removal statute, 28 U.S.C. § 1441, is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand.[45] Here, based on the documentation presented in support of federal subject matter jurisdiction, the undersigned finds that Pinnacle has not carried its burden of proving by a preponderance of the evidence that the amount in controversy exceeded $75,000 at the time of removal.

---

[41] *Id*.

[42] Pinnacle also relies on *Boyette v. United Services Automobile Assoc.*, 783 So.2d 1276 (La. April 3, 2001). There, although the Louisiana Supreme Court noted that plaintiff had sustained neck and back injuries as a result of an automobile accident and had been awarded $50,000 in general damages, the award of those damages was not addressed by the court. Instead, the appeal concerned the propriety of the lower court's award of damages for lost wages. The *Boyette* court did not discuss plaintiff's injuries, treatment, or the reasoning behind the $50,000 general damage award. Accordingly, the undersigned finds *Boyette* does not contribute to the instant analysis.

[43] *See*, *Hill v. Alford*, Civil Action No. 17-15737, 2018 WL 798243, at * 4 (E.D. La. Feb. 9, 2018) (finding that defendants failed to meet their burden regarding the amount in controversy and explaining that "[b]y pointing to cases where plaintiffs recovered general damages in excess of $75,000, Defendants have merely exemplified the amount in damages that Plaintiff could recover; yet, Defendants wholly ignore cases involving similar injuries where plaintiffs received general damages less than $75,000" and noting that "Defendants' speculation of general damages that Plaintiff could recover is insufficient to establish subject matter jurisdiction.").

[44] *Bosky v. Kroger Texas, LP*, 288 F.3d 208, 210 (5th Cir. 2002) (quoting *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir.1999)).

[45] *Gasch*, 491 F.3d at 281-82. *See also*, *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) ("Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand."); *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001) ("We must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum.").

**RECOMMENDATION**

For the reasons set forth herein, the undersigned RECOMMENDS that the Motion to Remand[46] be GRANTED and this matter be remanded to the 19th Judicial District Court, Parish of East Baton Rouge, State of Louisiana.

Signed in Baton Rouge, Louisiana, on July 16, 2018.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[46] R. Doc. 13.